IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edwin Reeves Hazel, III, #09030217, *formerly #05081607,* | ) C/A No. 0:09-2543-SB-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Sgt. R. Sanders, | ) |
| Defendant. | ) |

The plaintiff, Edwin Reeves Hazel, III, a self-represented pre-trial detainee, brings this action pursuant to 42 U.S.C. § 1983. This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The plaintiff is a pre-trial detainee at the Hill-Finklea Detention Center, in Berkeley County, South Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The defendant is a sergeant at the Hill-Finklea Detention Center and is, according to the plaintiff, the supervisor for the A-Pod (maximum security unit). The "STATEMENT OF CLAIM" portion of the § 1983 Complaint reveals that this action arises out of the denial of showers and recreation on September 23, 2009. Eight prisoners were given showers but the plaintiff and ten other prisoners were not given showers. The plaintiff's answers on page 2 indicate that there is no grievance procedure at the Hill-Finklea Detention Center and that the plaintiff has not filed a grievance. In his prayer for relief, the plaintiff seeks, among other things, imposition of guidelines on the rights of inmates and punitive damages of one million dollars. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a

PJG

potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The plaintiff's case is subject to summary dismissal because the face of the Complaint shows that he has failed to exhaust his administrative remedies. The Prison Litigation Reform Act's ("PLRA'S") exhaustion requirement provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see also Porter v. Nussle, 534 U.S. 516, 524 (2002) ("[T]he PLRA's exhaustion requirement applies

to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); <u>Booth v. Churner</u>, 531 U.S. 956 (2001) (unanimous decision: PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action); <u>Higginbottom v. Carter</u>, 223 F.3d 1259 (11th Cir. 2000).

In the instant case, it is readily apparent that the plaintiff has not exhausted his detention center remedies since his response on page 2 of the Complaint indicate that he has not filed a grievance relating to the denial of showers and exercise.[1]  Moreover, the court notes that the matters that gave rise to this case took place on September 23, 2009, and the plaintiff signed the Complaint on September 24, 2009, which further supports the conclusion that the plaintiff failed to exhaust his administrative remedies.

---

[1]Although the plaintiff checks the "no" box to indicate that the Hill-Finklea Detention Center does not have a grievance procedure, this court may take judicial notice of its own files and records, which show that the Hill-Finklea Detention Center has accepted grievances from its prisoners.  <u>See</u> the three exhibits (Docket Entries 1-2 (grievance), 1-2 (handwritten request), and 1-3 (Hill-Finklea Detention Center Inmate Request Form) appended to complaint in <u>William Howard Rutland, III v. Sargent Rosemary Sanders, et al.</u>, Civil Action No. 8:09-1940-SB-BHH.

This court may take judicial notice of Civil Action No. 8:09-1940-SB-BHH.  <u>Aloe Creme Laboratories, Inc. v. Francine Co.</u>, 425 F.2d 1295, 1296 (5th Cir. 1970); <u>see</u> <u>also</u> <u>Colonial Penn Ins. Co. v. Coil</u>, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); <u>Mann v. Peoples First National Bank & Trust Co.</u>, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties:  "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); <u>United States v. Parker</u>, 956 F.2d 169, 171 (8th Cir. 1992).  The sole defendant in the above-captioned case (Civil Action No. 0:09-2543-SB-PJG) is the "lead" defendant in Civil Action No. 8:09-1940-SB-BHH.



Lack of exhaustion of administrative remedies is considered an affirmative defense and not a jurisdictional infirmity. Jones v. Bock, 549 U.S. 199 (2007) (holding that failure to exhaust is an affirmative defense). However, if the lack of exhaustion is apparent from the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate. See Anderson v. XYZ Corr. Health Servs., 407 F.3d 674, 683 (4th Cir. 2005). As stated above, it is readily apparent from the face of the plaintiff's Complaint that he has not even attempted to utilize the administrative grievance process. Therefore, the plaintiff's action is subject to summary dismissal.

Moreover, the Complaint indicates that the "no shower" order from the defendant occurred after jail trustees cleaned the A-POD in preparation for a nighttime painting project. Since the plaintiff signed the Complaint on September 24, 2009, which was a day after the "no shower" order was given, the plaintiff's injury from the two-day (at most) denial of showers is *de minimis*. See Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997) (stating that "only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement"), cited in Makupson v. Powers, Civil Action No. 9:08-0983-RBH-BM, 2009 WL 1748712 (D.S.C., June 18, 2009) (collecting cases).[2]

The plaintiff's request for the issuance of guidelines on the rights of inmate is actually a request for an advisory opinion. FCC v. Pacifica Foundation, 438 U.S. 726, 735 (1978) ("[F]ederal courts have never been empowered to issue advisory opinions."); see

---

[2]As a pre-trial detainee, the plaintiff's claims in this case are governed by the Fourteenth Amendment, not the Eighth Amendment. See Belcher v. Oliver, 898 F.2d 32, 34 (4th Cir. 1990).

also Incumaa v. Ozmint, 507 F.3d 281, 289 (4th Cir. 2007) ("Federal courts are not comprised of philosopher-kings or legislative aides, and the Constitution forbids us from pontificating about abstractions in the law or merely giving advice about the potential legal deficiencies of a law or policy when no ongoing controversy exists with respect to that law or policy."); United States v. Burlington Northern Railroad Co., 200 F.3d 679, 699 (10th Cir. 1999) (refusing to respond to party's "request for guidance in future cases" because the request was "tantamount to a request for an advisory opinion").

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process. See Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Brown v. Briscoe, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 2, 2009
Columbia, South Carolina

*The plaintiff's attention is directed to the Notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).