IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edwin Reeves Hazel III, | C/A No.: 1:09-2543-RMG-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Sgt. R. Sanders, | |
| Defendant. | |

Plaintiff Edwin Reeves Hazel ("Plaintiff") filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is Plaintiff's Motion for Default Judgment.[1] [Entry #38]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the Motion for Default Judgment is a dispositive motion, this Report and Recommendation is entered for review by the district judge.

Plaintiff filed this action on September 29, 2009 claiming defendant Sgt. R. Sanders ("Defendant") denied him adequate recreation and shower time. Defendant works at the Berkeley County Detention Center ("BCDC"). An order authorizing service of process issued on March 5, 2010. On May 11, 2010, Plaintiff filed a summons return

---

[1] Although Entry #38 is labeled as a "Declaration for Entry of Default," it was docketed by the Clerk of Court as a Motion for Default Judgment. The undersigned has therefore analyzed the issue pursuant to Fed. R. Civ. P. 55(c), as the factors considered are appropriate for ruling on a default or default judgment, as well as whether to set aside an entry of default. *See* 12 James Wm. Moore *et al.*, *Moore's Federal Practice* § 55.31[2] (3d ed.) (noting that similar considerations govern whether to issue a default or a default judgment and whether to set aside an entry of default or default judgment).

claiming that Defendant was served on March 29, 2010. [Entry #37]. A review of the summons return shows that Defendant was not personally served, nor was a copy of the Complaint left at her office at BCDC. Rather, the Complaint was served on the Berkeley County Sheriff's Department Civil Process Division. [Entry #37]. Defendant argues that she has never been personally served with the Complaint nor did she consent to allow the Berkeley County Sheriff's Department Civil Process Division to accept service on her behalf. Sanders Aff., ¶ 6 [Entry #43-1]. Alternatively, Defendant argues good cause exists to set aside her default.

Pursuant to Fed. R. Civ. P. 5, a paper is served by: (1) handing it to the person; (2) leaving it at the person's office with a clerk or other person in charge; (3) mailing it to the person's last known address; (4) leaving it with the clerk of court if the person has no known address; (5) sending it by electronic means if the person has consented in writing; or (6) delivering by any other means that the person has consented to in writing. Although Defendant arguably was not properly served at her office, the court need not make this determination in light of the analysis below regarding default judgment.

On June 11, 2010, Plaintiff filed his motion for default judgment. Defendant filed an opposition on September 15, 2010. Although an entry of default has not been made in this case, the analysis under Fed. R. Civ. P. 55(c) is appropriate where a party has made a motion for default judgment. *See Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 205 (4th Cir. 2006) ("The disposition of motions made under Rule [ ] 55(c) . . . is a matter which lies largely within the discretion of the trial judge."). Generally, the entry of default

or default judgment is disfavored because it prevents a plaintiff's claims from being decided on the merits. 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2681 (1983). Rule 55(c) permits a court to set aside an entry of default for good cause. "Traditionally, ... relief from a[n entry of default] should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." *Cox v. Sprung's Transport & Movers, Ltd.*, 407 F.Supp.2d 754, 757 (D.S.C. 2006) (internal citations omitted). "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which if believed, would permit either the Court or the jury to find for the defaulting party." *Id.* Other factors to consider include "the personal responsibility of the party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987). Rule 55(c) must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Id.* at 954 (internal quotation marks omitted).

After considering the standard under Fed. R. Civ. P. 55(c) and after careful consideration of the arguments and evidence submitted, the undersigned finds that Defendant has presented good cause and should be granted relief in this case. Defendant has submitted an affidavit detailing the events surrounding the delay in filing an answer, which revolves around her lack of knowledge of the lawsuit due to the failure of the Sheriff's Department to forward the summons and complaint to her. Further, Defendant

acted promptly and with reasonable diligence in filing her answer and opposing the motion for default immediately upon receiving notification of Plaintiff's motion. There is no indication of any prejudice to Plaintiff in allowing the action to proceed, as this case is in its early stage. Finally, Defendant has demonstrated she has meritorious defenses including failure of Plaintiff to exhaust administrative remedies and qualified immunity.

Therefore, after applying the factors set forth above, the undersigned recommends Plaintiff's motion for default judgment [Entry #38] be denied, hereby allowing the case to proceed on its merits.

IT IS SO RECOMMENDED.

November 12, 2010  Shiva V. Hodges
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**