IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edwin Reaves Hazel, | ) | C/A No.: 1:09-2543-RMG-SVH |
|               Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Sgt. R. Sanders, | ) | |
|               Defendant. | ) | |

This matter comes before the court on Defendant's motion for summary judgment. [Entry #67]. Plaintiff, proceeding *pro se* and *in forma pauperis*, alleges violations of 42 U.S.C. § 1983 while he was incarcerated at the Berkeley County Detention Center ("BCDC") as a pretrial detainee. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the Motion for Summary Judgment is a dispositive motion, this Report and Recommendation is entered for review by the district judge.

I.     Factual and Procedural Background

In his initial complaint, Plaintiff contends that he was denied recreation and showers on Wednesday, September 23, 2009 because the detention center staff was preparing for a nighttime painting project. Compl. [Entry #10-2]. Plaintiff alleges that as a result of the denial of recreation and shower, which are typically allowed on Mondays, Wednesdays, and Fridays, he developed a rash in his crotch area and scratched his "dirty, itching head until it bled." *Id*. Additionally, Plaintiff filed amended complaints re-alleging the claims in his initial complaint and adding that he was denied shower and exercise

opportunities again on November 9, 2009, November 11, 2009, and January 11–13, 2010. Plaintiff claims that when he complained about the lack of showers, Defendant replied, "Sue me."

Defendant's motion for summary judgment was filed on January 25, 2011, and pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendant's motion [Entry #68]. Plaintiff filed a response in opposition to Defendant's motion [Entry #78] and Defendant filed a reply [Entry #79]. Having carefully considered the parties' submissions and the record in this case,[1] the court recommends Defendant's motion for summary judgment be granted and Plaintiff's motion for summary judgment be denied.

II.     Discussion

    A.     Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a

---

[1] Defendant also filed a motion for an order deeming her requests for admission to Plaintiff admitted. As the court has denied that motion, the undersigned has not considered the submitted requests for admission [Entry #67-7] as evidence in this matter.

movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; " or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.    Analysis

Plaintiff alleges Defendant's denial of showers and exercise on specific dates violates his constitutional rights. Plaintiff's claims are analyzed through the lens of the Due Process

clause of the Fourteenth Amendment, as he was a pretrial detainee at the time of the alleged incidents. "[A] pretrial detainee, not yet found guilty of any crime, may not be subjected to punishment of any description." *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992).. "However, not every hardship encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Id.* at 991. "And the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" *Bell v. Wolfish*, 441 U.S. 520, 537 (1979).

To prevail on a conditions of confinement claim, a pretrial detainee must show either (1) an expressed intent to punish, or (2) lack of a reasonable relationship to a legitimate nonpunitive governmental objective, from which a punitive intent may be inferred. *Hill*, 979 at 991 (citing *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988)). Prison officials act with the requisite culpable intent when they act with deliberate indifference to the inmates' suffering. *Farmer v. Brennan*, 511 U.S. 825 (1994). The plaintiff must prove that he was deprived a "basic need" and that this deprivation was attended by deliberate indifference on the part of the defendants. *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir.) *cert. denied*, 510 U.S. 949 (1993)). Further, the plaintiff must produce evidence of serious or significant physical or emotional injury resulting from challenged conditions to withstand summary judgment on prison conditions claim. *Id.* at 1380–1381.

1.  Shower

Plaintiff first complains about denial of access to a shower on September 23, 2009, November 9, 2011, November 11, 2009, and January 11-13, 2010. Plaintiff has not set forth evidence of a serious or significant physical or emotional injury resulting from the alleged deprivations. Although Plaintiff alleges he had a rash in his crotch area and his head itched as a result of the September 23, 2009 deprivation, he has submitted no medical records or other evidence in support of his claim. Additionally, Plaintiff alleges no injuries with regard to the claimed deprivations on other dates. Defendant points out, and Plaintiff does not dispute, that he had a sink in his cell in which he could have washed himself. Plaintiff's claim cannot survive summary judgment as he has not provided evidence for any physical or emotional injury. Additionally, because Plaintiff had access to water with which to wash himself, he has not been deprived of "the minimal civilized measures of human necessities in such a palpable way that injury should be inferred." *See Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir.1995) (holding that even though plaintiff was not given a shower for three days after having human feces thrown on him, his constitutional rights were not violated because he had no injury and he had access to water with which to clean himself). Therefore, the undersigned recommends Defendant be granted summary judgment as to Plaintiff's claim for denial of showers.

2.  Exercise

Plaintiff also complains that he was not given time to exercise on the same dates that he was denied showers. "[I]n certain circumstances, restricting inmates' opportunities for

5

physical exercise constitutes cruel and unusual punishment in violation of the Eighth Amendment." *Clay v. Miller*, 626 F.2d 345, 347 (4th Cir. 1980). The Fourth Circuit has held that in order to sustain a § 1983 claim for lack of exercise, a plaintiff must produce evidence "that he has sustained a[] serious or significant physical or emotional injury as a result of these conditions." *Strickler*, 989 at 1381. The Fourth Circuit has also limited constitutional violations for this count to lack of exercise, not a mere lack of recreation. *Id.* at n. 7.

In the instant case, Plaintiff does not claim any physical or significant injury as a result of lack of exercise. Additionally, Defendant claims, and Plaintiff has not disputed, that he routinely chose to partake in other activities, such as talking on the telephone, during recreation time. Defendant also argues that Plaintiff was free to exercise in his cell on the dates at issue by doing sit-ups, push-ups, and jogging in place. Because Plaintiff has not set forth any evidence that he has been injured as a result of the denial of exercise, the undersigned recommends Defendant be granted summary judgment on this issue.

### 3. Injunctive Relief

As it appears that Plaintiff has been transferred to another facility, his request for injunctive relief are moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) ("[T]he transfer of a prisoner render[s] moot his claim for injunctive and declaratory relief."); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (prisoner's transfer moots his request for injunctive relief against conditions of confinement in facility from which he was transferred).

4.    Qualified Immunity

Defendant also asserts that she is entitled to qualified immunity in her individual capacity. The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 (1982), established the standard which the court is to follow in determining whether the defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. at 818.

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *see also Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000). Further, the Supreme Court held that "[d]eciding the constitutional question before addressing the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." *Wilson*, 526 U.S. at 609. If the court first determines that no right has been violated, the inquiry ends there "because government officials cannot have known of a right that does not exist." *Porterfield v. Lott*, 156 F.3d 563, 567 (4th Cir. 1998).

As discussed above, Plaintiff has failed to present sufficient evidence to support his constitutional violation allegations. Nevertheless, *assuming arguendo* that Plaintiff has

7

presented sufficient evidence of a constitutional violation, Defendant is entitled to qualified immunity from suit.

In *Maciariello v. Sumner*, 973 F.2d 295 (4th Cir. 1992), the Fourth Circuit further explained the theory of qualified immunity:

> Governmental officials performing discretionary functions are shielded from liability for money damages so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Moreover, there are two levels at which the immunity shield operates. First, the particular right must be clearly established in the law. Second, the manner in which this right applies to the actions of the official must also be apparent. Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.

*Maciariello*, 973 F.2d at 298.

In the instant case, Plaintiff has failed to establish any theory of liability upon the part of Defendant, and, furthermore, Plaintiff has failed to establish the existence of any constitutional deprivation. However, if the court were to find that Plaintiff has established some theory of liability on the part of Defendant, and therefore, the existence of a constitutional deprivation, Defendant is still entitled to qualified immunity. The record before the court shows that as to Plaintiff and the specific events at issue, Defendant performed the discretionary functions of her respective official duties in an objectively reasonable fashion. She did not transgress any statutory or constitutional rights of Plaintiff that she was aware of in the discretionary exercise of her respective professional judgment. Thus, to the extent the district judge finds that a constitutional violation occurred, Defendant is entitled to qualified immunity.

III.    Conclusion

For the reasons discussed above, it is recommended that Defendant's Motion for Summary Judgment [Entry #67] be granted and this case be dismissed.

IT IS SO RECOMMENDED.

May 23, 2011                                                          Shiva V. Hodges
Florence, South Carolina                                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

9