IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edwin Reaves Hazel, | ) | Civil Action No.: 1:09-2543-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Sgt. R. Sanders, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is a *pro se* action brought by Petitioner Edwin Reaves Hazel, currently an inmate at Ridgeland Correctional Institute, seeking relief for alleged violations of 42 U.S.C. § 1983. Petitioner asserts that while incarcerated as a pretrial detainee at the Berkeley County Detention Center he was denied recreation and showers. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 72.02(B)(2)(d) (D.S.C.), this matter was referred to the United States Magistrate Judge for all pretrial proceedings. The Magistrate Judge has issued a Report and Recommendation that the Defendant's Motion for Summary Judgment be granted. (Dkt. No. 81). The Petitioner was advised by the Magistrate Judge of the procedures and requirements for filing objections to the Report and the serious consequences of failing to do so. Petitioner has filed an objection to the R&R. As explained herein, this Court has reviewed the Record *de novo*, agrees with the Report and Recommendation, and therefore grants Defendant's Motion for Summary Judgment.

## LAW/ANALYSIS

The Magistrate Judge only makes recommendations to this Court. The recommendations of the Magistrate Judge have no presumptive weight and the responsibility for making a final

1

determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

### A. Denial of Recreation and Showers

In his original complaint, Petitioner contends he was denied recreation and showers on Wednesday, September 23, 2009 due to detention center staff's preparation for a nighttime painting project. (Dkt. No. 1). Petitioner further alleges as a result of the denial of a shower, he "developed a rash in [his] crotch area" and "scratched [his] dirty, itching head until it bled." *Id*. Petitioner later amended his complaint adding he was denied showers and exercise on November 9, 2009, November 11, 2009, and January 11-13, 2010. (Dkt. No. 10; Dkt. No. 21).

As the Petitioner was a pretrial detainee at the time of the alleged incidents, the Magistrate Judge evaluated Petitioner's claims that denial of recreation and showers violated his constitutional rights under the Due Process clause of the Fourteenth Amendment. To establish such a claim a pretrial detainee must show either (1) an expressed intent to punish, or (2) lack of a reasonable relationship to a legitimate nonpunitive governmental objective, from which intent may be inferred. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992) (citing *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988)). Additionally, the plaintiff must prove he was deprived of a "basic need" with deliberate indifference on the part of the defendant(s) and must produce

evidence of "a serious or significant physical or emotional injury" resulting from the challenged prison conditions to withstand a summary judgment claim. *Strickler v. Waters*, 989 F.2d 1375, 1379-81 (4th Cir. 1993) cert. denied, 510 U.S. 949 (1993).

First, as the Magistrate Judge noted, Petitioner's claims of a rash and head itch are not sufficient to survive a motion for summary judgment. Petitioner had access to a sink in his cell in which he could have washed himself and has failed to submit medical records or other evidence of any physical or emotional injury he sustained as a result of being denied a shower.

Second, while certain restrictions on inmate recreation opportunities may constitute cruel and unusual punishment in violation of the Eight Amendment, the Fourth Circuit has held § 1983 claims for lack of exercise must be supported by evidence the plaintiff sustained "a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler*, 989 F.2d at 1381. Here, the plaintiff makes no such claims and remained free to exercise in his cell during each day of his alleged denial of recreation.

Finally, the Petitioner fails to show his denial of showers and recreation was "(1) imposed with an express intent to punish or (2) not reasonably related to a legitimate nonpunative governmental objective . . . ." *Martin*, 849 F.2d at 870. Petitioner was never singled out as the only inmate denied showers and recreation; to the contrary, most, if not all inmates in A-Pod were subjected to the same restrictions. (Dkt. No. 67-3). Additionally, Petitioner fails to show the defendant's actions were not reasonably related to a legitimate nonpunative governmental interest.

### B. Injunctive Relief

Petitioner's request for injunctive relief is moot as petitioner has been transferred to another facility. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) ("[T]he transfer of a

prisoner render[s] moot his claim for injunctive and declaratory relief."); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding transfer of prisoner renders his request for injunctive relief against conditions of confinement in the facility he was transferred from moot).

### C. Qualified Immunity of the Defendant

Defendant also assets that she is entitled to qualified immunity in her individual capacity. In *Harlow v. Fitzgerald*, the Supreme Court established the standard which the court is to follow in determining whether the defendant is protected by this immunity. 475 U.S. 800 (1982). *Harlow* held "that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional right of which a reasonable person would have known." *Id.* at 818.

In addressing qualified immunity, the Supreme Court has held "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *see also Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000). Further, the Supreme Court held that "[d]eciding the constitutional question before addressing the qualified immunity question also promoted clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." *Wilson*, 526 U.S. at 609. If the court first determines that no right has been violated, the inquiry ends there "because government officials cannot have know of a right that does not exist." *Porterfield v. Lott*, 156 F.3d 563, 567 (4th Cir. 1998).

As discussed above, Petitioner has failed to show sufficient evidence to support his constitutional violation allegations. Even if Petitioner had presented sufficient evidence of a constitutional violation, Defendant is entitled to qualified immunity.

4

## CONCLUSION

Based on the above, this Court adopts the Magistrate Judge's Report and Recommendation. The Defendant's Motion to for Summary Judgment is **GRANTED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 13, 2011
Charleston, South Carolina